WEBSTER v. WEBSTER.

Divorce—Custody of Children—Record.

Decree of divorce wherein custody of 3 children, 3 to 5 years of age, was awarded mother is not disturbed under record presented on father's appeal wherein he claimed it was detrimental to the paramount interests of the children to take them from the home of the paternal grandparents (CL 1948, § 553.17).

Appeal from Charlevoix; Brown (Charles L.), J. Submitted January 12, 1954. (Docket No. 66, Calendar No. 46,053.) Decided February 18, 1954.

Bill by Virginia Webster against Carroll Webster for divorce. Decree for plaintiff. Defendant appeals only as to custody of children. Affirmed.

*John W. Bellamy,* for plaintiff.

*Schmidt, Smith & Howlett,* for defendant.

References for Points in Headnotes
17 Am Jur, Divorce and Separation § 683.

BUSHNELL, J. Defendant Carroll Webster has appealed from that portion of a divorce decree in which plaintiff Virginia Webster was granted custody of the minor children.

It is of little benefit to discuss at length the marital difficulties recited in the record. It is sufficient to say that the parties were married on September 21, 1945, and lived and cohabited together as husband and wife until February 16, 1951. During this time 3 children were born who, at the date of the filing of plaintiff's bill of complaint, were then 2, 3 and 4 years of age, respectively.

When the matter came on for trial in August of 1951, the court and counsel made every effort to effect a reconciliation and provide proper care for the children. After careful consideration, the parties, under the direction of the trial judge but without waiver of their respective rights, attempted to readjust their affairs. The matter was held in abeyance for more than a year. When the parties reappeared in court, testimony was taken and the reports of the friend of court of both Charlevoix and Kent counties were considered. After patient and careful reconsideration, it was ordered that a divorce decree be entered and that the custody and control of the minor children be awarded to the wife.

Strong representations are made here on appeal that it is detrimental to the paramount interest of the children to take them from the home of the paternal grandparents. Upon review of the record, we find no justification for disagreeing with the conclusion reached by the trial judge. We agree with him that the welfare of the minor children is best served by maternal care.

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and

make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require." CL 1948, § 552.17 (Stat Ann § 25.97).

The decree is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.